IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANTHONY GARNETT and EDWIN BANKS, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 07-749-JJF |
| | : | |
| J. MEARS, et al., | : | |
| | : | |
| Defendants. | : | |

Anthony Garnett, Wilmington, Delaware and Edwin Banks, Bridgeville, Delaware, Pro se Plaintiffs.

## MEMORANDUM OPINION

February 19, 2009
Wilmington, Delaware

Farnan, District Judge

Plaintiffs Anthony Garnett ("Garnett") and Edwin Banks and ("Banks"), former inmates at the Sussex Violation of Probation Center ("SVOP"), now released, filed this civil rights action pursuant to 42 U.S.C. § 1983, with several other Plaintiffs. Only Garnett and Banks remain as Plaintiffs. They appear pro se and were granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 32.) For the reasons discussed below, the Court will dismiss the Complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiffs will be given leave to amend.

## I. BACKGROUND

Plaintiffs were housed at the SVOP at the time the Complaint was filed. (D.I. 2.) Several amendments adding Plaintiffs have been filed since that time. As noted, only Garnett and Banks remain as Plaintiffs. Garnett and Banks were not named as Plaintiffs in the original Complaint. (D.I. 2.) Garnett was added in the Amended Complaint found at D.I. 7 and Banks was added in the Amended Complaint found at D.I. 10.

Garnett alleges that on November 26, 2007, he made Defendants J. Mears ("Mears"), Michael Costello ("Costello"),

2

Warden Robert George ("George"), Sussex Correctional Institution, Officer Hills ("Hills"), and Correctional Medical Services ("CMS") aware the water had rust in it and it was causing him health issues (i.e., urination problems, vomiting, headaches, coughing blood, and kidney failure). (D.I. 7.) Garnett seeks compensatory and punitive damages.

Banks alleges that all "all named plaintiffs violated [him] and other said named plaintiffs" (D.I. 10.) Banks attached a grievance to the Amended Complaint stating that the SVOP facility is hazardous to his health because of rusty drinking water and because Defendant Warden Robert George allows the air conditioner to run even when the temperatures are cold. (Id.) The last amendment was filed by Raymond E. Blake, who has since dismissed his claims. (D.I. 23.) It added new Defendants, none of whom were named by Garnett and Banks.

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a

defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008)(not reported); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted).

4

The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).

Plaintiffs are required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234. Because Plaintiffs proceed pro se, their pleading is liberally construed and their Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 127 S.Ct. at 2200 (citations omitted).

## III. DISCUSSION

### A. Deficient Pleading

Garnett's allegations, while slight, appear to raise a cognizable conditions of confinement claim against Defendants Mears, Costello George, Hills, and CMS. Banks' allegations, however, do not state a claim for relief as they fail to state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir.1978)). For this reason alone, the Court will dismiss all the Complaint and its Amendments, with the exception of Garnett's Amended Complaint found at Docket Item 7, as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(b)(1).

### B. Eleventh Amendment Immunity

Garnett named as a defendant the SCI.[1] The SCI falls under the umbrella of the Delaware Department of Correction, an agency of the State of Delaware. The Eleventh Amendment protects states and their agencies and departments from suit in federal court

_____

[1]Due to a clerical error, the SCI is not listed on the Court docket.

regardless of the kind of relief sought. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Moreover, state correctional institutions are arms of the state and not persons subject to liability under § 1983. See Green v. Howard R. Young Corr. Inst., 229 F.R.D. 99, 102 (D. Del. 2005). Hence, the claim for monetary damages is barred by the State's Eleventh Amendment immunity. See MCI Telecom. Corp. v. Bell Atl. of Pa., 271 F.3d 491, 503 (3d Cir. 2001).

The State has not waived its immunity from suit in federal court, and although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. Brooks-McCollum v. Delaware, 213 F. App'x 92, 94 (3d Cir. 2007) (citations omitted) (not reported). Moreover, there is no mention of the SCI, other than to name it in the caption of the Complaint. Consequently, the claim against it has no arguable basis in law or in fact and, therefore, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV. CONCLUSION

For the above reasons, the Complaint and its Amendments, with the exception of Garnett's Amended Complaint found at Docket Item 7, will be dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiffs will be given leave to file an Amended Complaint only as to their claims against

7

Mears, Costello George, Hills, and CMS. The Court will dismiss the remaining Defendants. The Amended Complaint shall be signed by both Plaintiffs.

An appropriate Order will be entered.