IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY GARRETT, | : |
| Plaintiff, | : |
| v. | : Civ. Action No. 07-749-JJF |
| J. MEARS, et al., | : |
| Defendants. | : |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff's Request for Counsel and supporting memorandum. (D.I. 87, 88, 89.) For the reasons discussed, the Motion will be denied without prejudice.

**I. BACKGROUND**

Plaintiff Anthony Garrett, who appears pro se, is an inmate at the Plummer Community Correction Center, Wilmington, Delaware. He filed this civil rights action pursuant to 42 U.S.C. § 1983 and alleges unlawful conditions of confinement.

**II. DISCUSSION**

Plaintiff requests counsel on the grounds that he is unable to afford counsel, the issues in the case are complex, he has limited access to the law library, and limited knowledge of the law. (D.I. 87.) Although a plaintiff does not have a constitutional or statutory right to an attorney,[1] a district

---

[1] See Mallard v. United States District Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (§ 1915(d) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request."; Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993) (no

court may seek legal representation by counsel for a plaintiff who demonstrates "special circumstances indicating the likelihood of substantial prejudice to [the plaintiff] resulting . . . from [the plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Tabron v. Grace, 6 F.3d 147, 154 (3d Cir. 1993)(citing Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984)).

Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (5) the degree to which the case turns on credibility determinations or expert testimony. Montgomery v. Pinchak, 294 F.3d 492, 498-99 (3d Cir. 2002); Tabron, 6 F.3d at 155-56.

After reviewing Plaintiff's Motion and supporting affidavit, the Court concludes that the case is not so factually or legally complex at this juncture that requesting an attorney to represent

_____

right to counsel in a civil suit).

Plaintiff is warranted. Plaintiff's filings in this case demonstrate his ability to articulate his claims and represent himself. Thus, in these circumstances, the Court will deny without prejudice to renew Plaintiff's Request For Counsel. (D.I. 87.)

### III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Request For Counsel (D.I. 87) is **DENIED** without prejudice.

\_\_\_2/12/10\_\_\_        \_\_\_\[signature\]\_\_\_
       DATE                    UNITED STATES DISTRICT JUDGE